UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN LOPEZ, <br> TDCJ No. 2094151, <br><br> *Petitioner*, <br><br> v. <br><br> DIRECTOR, TDCJ-CID, <br><br> *Respondent*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:21-cv-01724-X |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 8]. Lopez filed an objection.[1] Lopez objects to the Magistrate Judge's recommendation that this Court transfer his successive application for a writ of habeas corpus to the Fifth Circuit. Lopez states that he is in fear due to the pandemic and has since sent correspondence to the Fifth Circuit. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Because this is Lopez's

---

[1] There is no evidence that Lopez timely filed his objection. However, the Court will consider the objection on the merits.

1

first successive habeas petition, this Court lacks jurisdiction to consider it.

The Court therefore **TRANSFERS** Petitioner's unauthorized successive 28 U.S.C. § 2254 habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action. And, because the Court is transferring the application to the Fifth Circuit, a certificate of appealability (a COA) is not necessary.[2]

IT IS **SO ORDERED** this 23rd day of September, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

2 *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) ("[A] transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of § 2253(c)(1)(B), and the appeal of such an order does not require a COA."); *Guel-Rivas v. Stephens*, 599 F. App'x 175, 175 (5th Cir. 2015) (per curiam) (applying *Fulton*'s holding to transfer of a successive Section 2254 application).